Argued July 18, affirmed August 17, reconsideration denied September 14, petition for review denied November 15, 1977

## ERICKSON, *Petitioner,*
*v.*
## MOTOR VEHICLES DIVISION, *Respondent.*
(CA 8070)

567 P2d 590

Ronald L. Gould, Coos Bay, argued the cause for petitioner. With him on the brief was McNutt, Gant & Ormsbee, Coos Bay.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal from an order of the Motor Vehicles Division of the Department of Transportation suspending petitioner's driving privilege for a three-year period.

Petitioner was convicted on October 22, 1976 of having driven his motor vehicle on May 6, 1976 with a blood-alcohol content in excess of .15 percent. The conviction was petitioner's first such conviction within five years, but his third within ten years.

The suspension of his license was pursuant to ORS 482.430(3) and (4).[1] That statute was amended as part of the revision of Oregon's Traffic Code by Oregon Laws 1975, ch 451, § 144, the effective date of which was July 1, 1976, i.e., between the dates of petitioner's offense and his conviction. Prior to the amendment, the Division was directed to suspend operators' licenses where there had been similar convictions within a prior ten-year period. Following amendment, the Division was directed to suspend licenses for convictions occurring within a prior five-year period.

Petitioner contends that the authority of the Division is controlled by the statute as it existed on the date of the conviction rather than the date of the offense because the Division's authority to act is triggered "upon receiving a record of the second or subsequent conviction." Such an interpretation, however, would be contrary to the intent of the Traffic Code Revision.

---

[1] ORS 482.430(3) and (4) provides as follows:

"(3) The division forthwith shall suspend any person's permit or license to operate motor vehicles upon receiving a record of the second or subsequent conviction within a five-year period of such person for driving while under the influence of intoxicants.

"(4) The period of suspension under subsections (2) and (3) of this section shall be:

"(a) First conviction within a five-year period, 90 days.

"(b) Second conviction within a five-year period, one year.

"(c) Third or subsequent conviction within a five-year period, three years."

The amendment of ORS 482.430 was only one part of a comprehensive change of the criminal, civil and administrative sanctions utilized in a new legislative strategy to deter dangerous driving. ORS 487.065(1) and (2) controls the effective date of all such sanctions. It provides clearly to the contrary:

"(1) Sections 2 to 169 of chapter 451, Oregon Laws 1975, shall govern the construction of and punishment for any vehicle code offense defined in chapter 451, Oregon Laws 1975, and committed after June 27, 1975, the construction and application of any defense to a prosecution for such an offense and any administrative proceedings authorized or affected by chapter 451, Oregon Laws 1975.

"(2) Sections 2 to 169 of chapter 451, Oregon Laws 1975, shall not apply to or govern the construction of or punishment for any vehicle code offense committed before June 27, 1975, or the construction and application of any defense to a prosecution for such an offense."[2]

Therefore, we hold that ORS 482.430 applies to all convictions based on offenses which occurred prior to July 1, 1976. The order of suspension is upheld.

Affirmed.

---

[2]The parties agree, correctly, that the reference to June 27, 1975 is an error in codification. The date should be July 1, 1976.